**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**JOSE GARCIA,**

                       **Plaintiff,**                   **MEMORANDUM AND ORDER**

               **-against-**                               **04-CV-4129 (RLM)**

**KHEMRAJ BASDEO,** *s/h/a Rhemrat*
*Basdeo*, **et al.,**

                       **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a letter dated July 1, 2005, plaintiff advises that he has filed a notice of appeal from this Court's order of June 29, 2005, denying plaintiff's motion to remand the case to the state court; for that reason, plaintiff requests that this Court stay next week's trial of the case pending the outcome of his appeal. For the following reasons, plaintiff's motion for a stay is denied.

       The Court's denial of plaintiff's remand motion is not a final decision of this Court and thus is not appealable under 28 U.S.C. § 1291. Nor may plaintiff appeal that interlocutory decision under 28 U.S.C. § 1292(b), which "allows for an appeal from an otherwise unappealable interlocutory order upon consent of both the district court and the court of appeals . . . ." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).[1] First,

---

[1] Section 1292(b) provides, in pertinent part:

      When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

(continued...)

plaintiff has not moved to have this Court certify its June 29th order for interlocutory appeal. See id. at 866 ("To comply with the statute [section 1292(b)] requires two steps: first, a trial judge's certification; and, second, an appellate court's grant of leave to appeal the district court's certification."). Second, had plaintiff moved for certification, this Court would have denied the application, for failure to satisfy the prerequisites of section 1292(b).

Inasmuch as section 1292(b) is a "rare exception to the final judgment rule that generally prohibits piecemeal appeals," Koehler, 101 F.3d at 865, the Second Circuit has cautioned that its use "is reserved for those cases where an intermediate appeal may avoid protracted litigation." Id. at 865-86. This case is not one of the rare ones that warrants an immediate appeal, and the scheduled three-day trial of this action does not constitute "protracted litigation."

More importantly, plaintiff cannot satisfy the statutory language of section 1292(b), which, among other things, reserves interlocutory appeals for decisions that "involve[] a controlling question of law as to which there is substantial ground for difference of opinion . . . ." 28 U.S.C. § 1292(b). Plaintiff's Notice of Appeal does not identify any controlling question of law that was misapprehended by the trial court. In this case, where plaintiff

---

[1](...continued)
       controlling question of law as to which there is substantial ground for difference
       of opinion and that an immediate appeal from the order may materially advance
       the ultimate termination of the litigation, he shall so state in writing in such
       order. The Court of Appeals . . . may thereupon, in its discretion, permit an
       appeal to be taken from such order . . . .

28 U.S.C. § 1292(b).

maintained residences in both New York and Florida, the existence of subject matter jurisdiction turned on the *factual* issue of whether plaintiff intended to change his domicile in New York to one in Florida.  See Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (collecting cases).  Following an evidentiary hearing, this Court resolved that factual issue against plaintiff, who at no time stated that he intended to abandon his New York domicile.  Plaintiff's objection to the Court's factual finding does not fall within the purview of section 1292(b) and thus cannot form the basis for an immediate appeal.

Accordingly, plaintiff's motion for a stay is denied.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**July 5, 2005**

/s/
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**